**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dajun K Warren, | No. CV-23-00650-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Dajun K. Warren ("Plaintiff") challenges the denial of her applications for benefits under the Social Security Act ("the Act") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed Plaintiff's opening brief (Doc. 14) and the Commissioner's answering brief (Doc. 17), as well as the Administrative Record (Doc. 9, "AR"), and now affirms the Administrative Law Judge's ("ALJ") decision.

I.     Procedural History

On February 26, 2020, Plaintiff filed protective applications for disability and disability insurance benefits and for supplemental security income, in both instances alleging disability beginning on February 1, 2018. (AR at 13.) The Social Security Administration ("SSA") denied Plaintiff's applications at the initial and reconsideration levels of administrative review and Plaintiff requested a hearing before an ALJ. (*Id.*) On May 27, 2022, following a telephonic hearing, the ALJ issued an unfavorable decision. (*Id*. at 13-29.) The Appeals Council later denied review. (*Id.* at 1-3.)

II.     Sequential Evaluation Process And Judicial Review

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 416.920(a). The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant has engaged in substantial, gainful work activity. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 416.920(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 416.920(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to step four, where the ALJ determines whether the claimant is still capable of performing past relevant work. *Id.* § 416.920(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 416.920(a)(4)(v). If not, the claimant is disabled. *Id.*

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (citations omitted) (internal quotations omitted). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13

(9th Cir. 2001).

III. The ALJ's Decision

The ALJ found that Plaintiff had not engaged in substantial, gainful work activity since the alleged onset date and that Plaintiff had the following severe impairments: "Barrett's esophagus; gastroesophageal reflux disease; fibromyalgia; asthma; microcytic hypochromic anemia; iron deficiency anemia; sciatica; migraines with aura and without status migrainosus, not intractable; and costochondritis." (AR at 16-17.)[1] Next, the ALJ concluded that Plaintiff's impairments did not meet or medically equal a listing. (*Id.* at 18-21.) Next, the ALJ calculated Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except in an eight-hour workday, with normal breaks, she can occasionally lift and/or carry up to twenty-five pounds and frequently up to twenty pounds; stand and/or walk for a total of about six hours and sit for a total of about six hours; must work in an environment where her exposure to extreme cold, extreme heat, humidity, vibration, fumes, odors, dusts, gases, poor ventilation, and other pulmonary irritants, as well as hazards like moving dangerous machinery and unprotected heights does not exceed frequent; and she must work in an environment where her exposure to noise does not rise above level three or quiet, as in a business office environment.

(*Id.* at 21.)

As part of this RFC determination, the ALJ evaluated Plaintiff's symptom testimony, concluding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.* at 22.) The ALJ also evaluated opinion evidence from various medical sources, concluding as follows: (1) E. Wavak, M.D., state agency

---

[1] The ALJ also noted that Plaintiff "has the non-severe impairments of insomnia and menorrhagia with an irregular cycle;" that "[d]espite some reported emphysema in the record, a pulmonologist noted that the absence of overinflation in the spirometry testing is not consistent with an emphysema diagnosis"; and that "[t]here are some mentions of anxiety, depression, but no diagnosis or treatment." (*Id.* at 17-18.)

consultant ("persuasive"); and (2) R. Barricks, M.D., state agency consultant ("mostly persuasive"). (*Id.* at 24-25.) Additionally, the ALJ considered a third-party source statement from Plaintiff's father but found it "neither inherently valuable nor persuasive." (*Id.* at 25.)

Based on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff was capable of performing her past relevant work as a packing and shipping clerk and hair stylist and was also capable of performing other jobs that exist in significant numbers in the national economy, including marker, cafeteria attendant, and router. (*Id.* at 26-29.) Thus, the ALJ concluded that Plaintiff was not disabled. (*Id.* at 29.)

IV. Discussion

Plaintiff raises only one issues on appeal—whether the ALJ improperly discredited her symptom testimony. (Doc. 14 at 1.) As a remedy, Plaintiff seeks a remand for further administrative proceedings. (*Id.* at 13.)

### A. **Symptom Testimony**

#### 1. Standard Of Review

An ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation omitted). If so, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (citation omitted). Instead, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" only by "offering specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015) (citation omitted).

#### 2. The ALJ's Evaluation Of Plaintiff's Symptom Testimony

The ALJ held that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely

consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR at 22.) The ALJ then identified what the Court perceives to be three reasons for discounting Plaintiff's symptom testimony. (*Id.* at 22-24.)

The first reason, as noted, was inconsistency with the objective medical evidence. Among other things, the ALJ noted that Plaintiff "had a normal gait and there was no mention of any assistive device use on exam," "had normal musculoskeletal strength and tone," "had intact sensation," "had intact coordination," "had a normal wrist and hand exam without any tenosynovitis," had asthma that "was considered mild and intermittent without complication," and "had several normal respiratory exams." (AR at 24-25.) The ALJ also noted the absence of any "evidence of any overnight hospitalization due to any respiratory exacerbations" or any "evidence of any hemorrhaging or required transfusion therapy related to her reflux or Barrett's esophagus conditions." (*Id.* at 24.)

The second reason was that Plaintiff's symptoms improved with treatment. More specifically, the ALJ explained that Plaintiff "noted that medication was somewhat effective for her pain and other symptoms," that Plaintiff's anemia-related "ferritin levels improved with treatment," and that Plaintiff's "gastroesophageal reflux disease was considered controlled with medication." (*Id.*)

The third reason was inconsistency with Plaintiff's activities. More specifically, the ALJ noted that Plaintiff "reported being able to drive a car," "can shop for groceries at times," and is "able to pay bills and count change" and concluded that such activities were "not consistent with the full extent of the alleged limitations to lifting, squatting, bending, standing, reaching, walking, kneeling, and stair climbing" and were "not consistent with the full extent of the alleged limitations to remembering and concentrating." (*Id.*)

3. The Parties' Arguments

Plaintiff argues the ALJ failed to provide legally sufficient reasons for discrediting her symptom testimony. (Doc. 14 at 7-13.) Plaintiff's overarching criticism is that the ALJ did "not provide any meaningful discussion to support her conclusion that Plaintiff's statements were not consistent with the entirety of the evidence, but rather immediately

summarize[d] the medical evidence of the record in determining that her examinations contradicted the intensity of her allegations." (*Id.* at 8-9.) Plaintiff also contends the ALJ improperly "found only environmental limitations were supported by Plaintiff's asthma symptoms," which "clearly ignores Plaintiff's complaints of fatigue, shortness of breath and chest pain as these environmental conditions would do little to alleviate." (*Id.* at 9-10.) Plaintiff also contends the applicable medical records "do not support the ALJ's conclusion that [her] asthma was intermittent and mild," emphasizes that her pulmonologist once characterized her asthma as "severe," and argues that the absence of overnight hospitalizations does not undermine her claims of severity. (*Id.* 10.) According to Plaintiff, all of this shows that the ALJ "impermissibly pick[ed] and cho[se] from the evidence she contends supports her conclusion while ignoring all other evidence that conflict[ed] with her finding." (*Id.* at 10-11.) Plaintiff also contends the ALJ erred by discrediting her symptom testimony based solely on its inconsistency with the objective medical evidence. (*Id.* at 11.) Finally, Plaintiff accuses the ALJ of fashioning an RFC based on the ALJ's own lay medical opinion. (*Id.* at 12.)

The Commissioner disagrees and defends the sufficiency of the ALJ's rationale for discrediting Plaintiff's symptom testimony. (Doc. 17 at 4-8.) According to the Commissioner, the ALJ properly identified three reasons, all supported by substantial evidence, for the adverse credibility finding: (1) "the ALJ found that Plaintiff's symptoms improved with treatment" (*id.* at 5); (2) "the ALJ noted that Plaintiff's doctor described Plaintiff's asthma as mild, intermittent, and without complication" (*id.* at 5-6); and (3) "the ALJ found that Plaintiff's subjective symptom testimony was inconsistent with the medical record" (*id.* at 6-7). The Commissioner concludes: "At bottom, Plaintiff is asking this Court to reweigh the evidence in a light more favorable to her. But under substantial evidence review, this Court must deny this request." (*Id.* at 7-8.)

Plaintiff did not file a reply brief.

…

…

- 6 -

4.      Analysis

The Court finds no harmful error in the ALJ's evaluation of Plaintiff's symptom testimony.

First, it was permissible for the ALJ to discount Plaintiff's symptom testimony on the ground that it was inconsistent with the objective medical evidence in the record. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") (citation omitted). Although this may not serve as an ALJ's sole reason for discounting a claimant's symptom testimony, it is a permissible consideration when (as here) it is coupled with other grounds for an adverse credibility finding. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("Claimants like Smartt sometimes mischaracterize [Ninth Circuit law] as completely forbidding an ALJ from using inconsistent objective medical evidence in the record to discount subjective symptom testimony. That is a misreading of [Ninth Circuit law]. When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony. We have upheld ALJ decisions that do just that in many cases.") (citations omitted); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

The ALJ's finding of inconsistency with the objective medical evidence is supported by substantial evidence. In her function report, Plaintiff complained of "shortness of breath, fatigue, weakness" and stated "I can't even play with my kid." (AR at 348.) Likewise, during her hearing testimony, Plaintiff described her asthma and emphysema as severe and debilitating: "My emphysema . . . prohibits me from doing a lot . . . . But emphysema and asthma together . . . I get tired from doing normal daily activity. I get tired from just walking from my front door to the sidewalk. My bones ache. My joints ache. I can't have a normal life because I'm in so much pain." (*Id.* at 68.) However, Plaintiff's

doctors repeatedly characterized Plaintiff's asthma as "mild," "intermittent," and "without complication." (*Id.* at 563 [January 2020]; *id.* at 618 [January 2020]; *id.* at 652 [October 2020]; *id.* at 931 [October 2020]; *id.* at 946 [January 2020].)[2] Similarly, Plaintiff's testing records revealed only "minimal" obstructive airway disease and "mild" diffusion defect. (*Id.* at 515, 673.) At a minimum, it was rational for the ALJ to construe the objective medical evidence as inconsistent with Plaintiff's testimony, and "[w]hen evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citation omitted). *See also Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

Another of the ALJ's proffered reasons for the adverse credibility finding was that Plaintiff experienced improvement from treatment. This is, in general, a permissible reason under Ninth Circuit law for discrediting a claimant's symptom testimony. *See, e.g., Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) ("[T]he ALJ pointed to Tommasetti's testimony that his severe diabetes was not a 'disabling problem,' was controlled by medication, and was not the reason he stopped working. This testimony undermines Tommasetti's prior claims that his diabetes was among his disabling conditions."); *Fry v. Berryhill*, 749 F. App'x 659, 660 (9th Cir. 2019) ("The ALJ proffered specific, clear, and convincing reasons for discounting Fry's testimony concerning the severity of her symptoms, including . . . the effectiveness of Fry's conservative treatment."). *See also* 20 C.F.R. § 1529(c)(3)(iv)-(v) ("Factors relevant to your symptoms, such as pain, which we will consider include . . . [t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms

---

[2] Although one treatment record from the beginning of the period of alleged disability described Plaintiff's asthma as "severe at this time" (*id.* at 504 [December 2018]), it was rational for the ALJ to conclude this condition later diminished in severity, as reflected in Plaintiff's subsequent medical records.

. . . [and] [t]reatment, other than medication, you receive or have received for relief of your pain or other symptoms.").

Putting aside the fact that Plaintiff does not even acknowledge this portion of the ALJ's rationale for discrediting her symptom testimony, which means she has forfeited any objection to it, the ALJ's finding of improvement from treatment is supported by substantial evidence. For example, although Plaintiff's asthma was "severe at this time" in December 2018 (AR at 504), Plaintiff also reported during one medical visit that when she was "compliant with her Flovent . . . her shortness of breath has improved as well as her cough" (*id.* at 497), and subsequent medical records from 2020 consistently described Plaintiff's asthma as "mild" and "intermittent." (*Id.* at 563, 618, 652, 931, 946.) Separately, although Plaintiff testified during the hearing that her bones and joints "ache" to the point that she "can't have a normal life because [she's in] so much pain" (*id.* at 68), Plaintiff reported to a medical provider in October 2019 that her pain "gets better with ibuprofen" and "has improved" (*id.* at 697) and separately told a medical provider in October 2020 that "[s]he feels that Lyrica is somewhat effective" in addressing her pain (*id.* at 976). During the same visit, Plaintiff also reported that "when she takes the omeprazole [for GERD], her symptoms are controlled." (*Id.* at 976.) On this record, it was rational for the ALJ to conclude that Plaintiff's complained-of symptoms improved from conservative treatment and to discount her credibility on that basis.

Given these conclusions, it is unnecessary to decide whether the ALJ's other proffered reasons for discounting Plaintiff's symptom testimony were also supported by substantial evidence. Any error as to that analysis was harmless because the ALJ identified multiple other clear and convincing reasons, supported by substantial evidence, for discrediting Plaintiff's testimony. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[S]everal of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record.") (citations omitted); *Carmickle*, 533 F.3d at 1162-63 ("Because we conclude that two of the ALJ's reasons supporting his

adverse credibility finding are invalid, we must determine whether the ALJ's reliance on such reasons was harmless error. . . . [T]he relevant inquiry in this context is not whether the ALJ would have made a different decision absent any error, it is whether the ALJ's decision remains legally valid, despite such error. . . . Here, the ALJ's decision finding Carmickle less than fully credible is valid, despite the errors identified above.") (citation omitted).

Accordingly,

**IT IS ORDERED** that the decision of the ALJ is **affirmed**. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 16th day of April, 2024.

Dominic W. Lanza
United States District Judge